Opinion issued March
31, 2011



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00991-CR

____________

 








TIMOTHY BALDASSARI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1231773

 

 



MEMORANDUM
OPINION








          Appellant,
Timothy Baldassari, pleaded guilty to the offense of driving while intoxicated,
third offender, was sentenced to four years in prison on October 16, 2009.  This sentence was suspended, and the
defendant was placed on community surpervision for four years.  The trial court granted the State’s motion to
revoke community supervision on December 21, 2009, and defendant pleaded true
to the allegations he violated conditions of the community supervision order.  Prior to the hearing to reform the original
sentence, the parties agreed the State would recommend to the trial court that
defendant be sentenced to two years’ confinement, thus creating a plea
agreement to the reformed sentence.  The
trial court accepted the State’s recommendation, sentenced defendant to two
years’ confinement, and noted on both the judgment and certification of
defendant’s right of appeal that defendant had no right of appeal.  Appellant timely filed a pro se notice of
appeal.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  The trial
court’s certification states that this is a plea bargain case and that the
defendant has no right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  Appellant
did not appeal any pre-trial matters, and the trial court did not give
permission for appellant to appeal. The record supports the trial court’s
certification. See Dears v. State,
154 S.W.3d 610, 615 (Tex. Crim. App. 2005). 
Because appellant has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice
Radack and Justices Bland and Brown. 

Do not publish. 
Tex. R. App. P. 47.2(b).